EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELOY RIVERA, acusado y apelante.

No. 3267.—*Visto:* Noviembre 28, 1927. *Resuelto:* Noviembre 30, 1927.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—DESESTIMACIÓN, VISTA Y NUEVA VISTA—DESESTIMACIÓN DEL RECURSO EN GENERAL—RESTABLECIMIENTO DEL MISMO—CAUSA INSUFICIENTE.—Cuando como causa para dejar sin efecto la desestimación de una apelación por falta de alegato se sostiene que tal falta se debió a que siendo dos los abogados del acusado, recibió la notificación de la radicación de los autos uno que no era el encargado de prepararlo, y aparece que dichos abogados forman parte de una firma social a la cual se dirigió dicha notificación, la causa no es bastante.

2. BEBIDAS EMBRIAGANTES—PROCESOS CRIMINALES—DE LA DENUNCIA—ALEGACIÓN DE LA NATURALEZA INTOXICANTE DEL LICOR.—Una denuncia por infracción a la Ley Nacional de Prohibición que imputa al acusado el tener en su posesión como dueño un alambique para la fabricación clandestina de ron con el que fué sorprendido en momentos en que lo manipulaba y había destilado como tres litros, es suficiente aún cuando no alegue la naturaleza intoxicante del ron ya que la corte tiene conocimiento judicial de la misma.

MOCIÓN sobre reconsideración de sentencia. *Sin lugar.*

*Dubón & Ochoteco*, abogados del apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Eloy Rivera fué condenado por la Corte de Distrito de San Juan el 3 de mayo último a pagar cincuenta dólares de multa como autor de una infracción a la sección 25 del título segundo de la Ley Nacional de Prohibición. No conforme, apeló. La transcripción de los autos, que no incluye la prueba practicada, quedó radicada en esta Corte Suprema el 13 de junio siguiente. Se señaló la vista del recurso para el 26 de julio y no habiendo el apelante archivado su alegato ni comparecido el día de la vista, el recurso fué desestimado quedando firme la sentencia apelada.

Así las cosas, el primero de agosto último el apelante pidió a esta corte que dejara sin efecto la desestimación y oyera y resolviera el caso en su fondo porque su falta de gestión se debió a que siendo dos los abogados que lo representaban y habiendo recibido la notificación de la radicación de los autos el abogado que en realidad de verdad no era el encargado de preparar el alegato, el que tenía a su cargo la gestión no lo hizo en tiempo. Se expresa además en la moción que está envuelto en el recurso un error fundamental, haciéndose referencia al alegato archivado también después de desestimado el recurso.

La causa aducida no es bastante. El escrito de apelación aparece firmado por "Dubón & Ochoteco," o sea, una firma de letrados, y a esa firma se dirigió la notificación. Es el deber de los abogados del apelante enterarse por ellos mismos de la radicación y tramitación de los recursos que interponen a nombre de sus clientes. La práctica de notificar todos los trámites en esta Corte Suprema se ha seguido en beneficio de los abogados pero no es algo que esté impuesto por la ley.

Sin embargo, siguiendo la norma establecida de hacer todo lo posible por conocer en su fondo los recursos interpuestos en causas criminales, nos inclinaríamos a declarar

con lugar la moción si estuviéramos convencidos de que algún derecho substancial del acusado había sido violado claramente.

La única cuestión que se levanta en el alegato es que la acusación no imputa un hecho constitutivo del delito por el cual fué castigado el acusado porque no expresa que las bebidas fabricadas y poseídas por él eran intoxicantes y propias para beber, citando la obra de McFadden on Prohibition, página 526, y el caso del *Pueblo* v. *Muñoz,* 35 D. P.R. 36.

No se trata de una acusación formulada por un fiscal, sino de una denuncia presentada por un guardia de la Policía Insular. En ella se dice que el acusado ". . . tenía en su posesión, como dueño, un aparato o alambique, que se usa y se estaba usando, allí y entonces, para la fabricación de ron, clandestinamente, siendo sorprendido en los momentos en que manipulaba dicho aparato, el cual ya había destilado como tres litros de ron. . . ." Y ello es, dadas las circunstancias, a nuestro juicio, suficiente.

Es cierto que en la obra de McFadden invocada se cita el caso de *U. S.* v. *Boasberg,* 283 Fed. 305, en el que se resolvió que una acusación bajo la Ley Nacional de Prohibición por imputar el poseer ciertos licores que se describían en la misma pero en la que no se alegaba que dichos licores eran intoxicantes, no imputaba un delito, pero también lo es que la jurisprudencia ha resuelto que "Cuando en la acusación se menciona la clase determinada de licores que se ha vendido, poseído o fabricado, debe alegarse además que esta bebida era intoxicante, espirituosa o en alguna otra forma de acuerdo con el estatuto, a menos que la bebida mencionada sea un licor intoxicante de cuyas propiedades el tribunal toma conocimiento judicial." 33 C. J. pág. 721, y casos citados. "Se ha establecido como regla general de derecho que no es necesario alegar la naturaleza intoxicante de un licor que se dice ha sido vendido ilegal-

mente, cuando se trata de una bebida de cuya naturaleza intoxicante el tribunal toma conocimiento judicial, y que, por otra parte, si no se toma conocimiento judicial de tal hecho, debe hacerse tal alegación, a menos que la bebida que se supone ha sido vendida cae dentro de la clasificación estatutoria de bebidas, o si el estatuto la menciona específicamente, ya sea al declarar cuáles son los licores intoxicantes o qué bebidas determinadas no pueden ser vendidas, correspondiendo esta regla con el punto de vista generalmente sustentado en relación con la necesidad de probar la naturaleza intoxicante del licor.'' 15 R.C.L. pág. 386, y casos citados.

Y como lo que en la denuncia se alega que el acusado fabricaba y poseía era ron y se ha resuelto que las cortes tomarán conocimiento judicial de que el ron es un licor intoxicante (35 C. J. 497 y casos citados en la nota 81), no era necesario alegar la condición de intoxicante del licor fabricado y poseído por el acusado.

En cuanto a la jurisprudencia sentada por esta corte en el caso de *El Pueblo* v. *Muñoz, supra,* en nada favorece al acusado. Al contrario. El párrafo citado de dicha opinión por el propio acusado en su alegato es el siguiente:

"En el caso de *U. S.* vs. *Dowling,* la corte dijo que la enmienda no autorizaba al Congreso a legislar de tal modo que prohiba la simple posesión intraestado de licores embriagantes, y que las palabras 'para fines de bebida' eran tan claras e importantes como cualesquicra otras de la enmienda, pero que el Congreso tenía efectivamente la facultad de prohibir la posesión para los fines denunciados. La corte dijo: 'La posesión es legal a menos que esté acompañada de la ''fabricación,'' ''venta,'' o ''transportación'' o ''importación'' o ''exportación'' ilegal.' "

Y aquí el elemento de fabricación acompaña al de posesión.

*Por virtud de todo lo expuesto debe declararse sin lugar la moción del acusado.*