El Pueblo de Puerto Rico, demandante y apelante, *v.*
Luciano Fuertes, acusado y apelado.

No. 4289.—*Sometido:* Diciembre 23, 1930. *Resuelto:* Marzo 5, 1931.

*R.: A. Gómez,* abogado de *El Pueblo,* apelante; *Arturo Aponte,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Esta apelación por El Pueblo de Puerto Rico envuelve la jurisdicción de las cortes municipales para conocer de un delito bajo la "Ley de Prohibición Nacional". La Corte de Distrito de Humacao fué de opinión que hasta el 2 de marzo de 1929, la venta de licores por la cual fué perseguido el acusado podía ser juzgada en una corte municipal, pero que la ley del Congreso de esa fecha convirtió en delitos graves (*felonies*) el delito imputado y otros similares. Esa fué también la opinión de la Corte de Distrito de San Juan en otro caso. La Corte de Distrito de Arecibo adoptó un criterio distinto en otro caso más.

En realidad, la sentencia apelada podría confirmarse siguiendo el caso de *El Pueblo* v. *Zayas,* opinión de este tribunal de diciembre 19, 1930, con su reconsideración de

enero 30, 1931, resolviendo que, bajo la Ley de Prohibición Nacional, no era El Pueblo de Puerto Rico el que debía perseguir los delitos sino los Estados Unidos. Como la sentencia en aquel caso fué dictada por una corte dividida, y toda vez que un criterio distinto había sido adoptado por la mayoría del tribunal en un caso anterior (*El Pueblo* v. *Rodríguez,* 33 D.P.R. 393), y debido a la urgente solicitud del Procurador General, hemos decidido considerar primeramente el caso más o menos desde el punto de vista que la Corte de Distrito de Humacao tuvo al fallarlo.

Esa corte emitió una opinión. El juez aceptó el hecho de que la Ley del Congreso de septiembre 21, 1922 era una pieza de legislación local, en el sentido definido por el caso de *El Pueblo* v. *Rodríguez, supra.* La corte resolvió, según hemos indicado, que hasta el 2 de marzo de 1929 la infracción de ley imputada al acusado podía haber sido juzgada en una corte municipal. La corte indicó que la Ley del Congreso de marzo 4, 1909, 35 Statutes-at-large 1152, Barnes' Federal Code 2401, edición de 1919, leía como sigue:

"*Delitos graves y menos graves.*—Todos aquellos delitos que puedan ser castigados con pena de muerte, o con prisión por un término mayor de un año, serán considerados graves (*felonies*). Todos los demás delitos serán considerados menos graves (*misdemeanors*)."

Para lo futuro, la cuestión se rige por la siguiente Ley del Congreso:

"Ley para enmendar el artículo 335 del Código Penal.—*Decrétase por el Senado y la Cámara de Representantes de los Estados Unidos, reunidos en Congreso:* Que el artículo 335 del Código Penal, Cap. 321, pár. 335, 35 Estatutos, pág. 1152, (sec. 541, tít. 18, U.S.C.) sea enmendado de manera que lea como sigue:

"Todos aquellos delitos que puedan ser castigados con pena de muerte, o con prisión por un término mayor de un año, serán considerados graves (*felonies*). Todos los demás delitos se considerarán menos graves (*misdemeanors*) : *Disponiéndose,* que todos aquellos delitos cuya pena no exceda de reclusión en una cárcel común, sin trabajos forzados, por un período de seis meses, o una multa no excedente de quinientos dólares, o ambas penas, serán considerados como

menos graves; y tales delitos menos graves podrán perseguirse mediante acusación o denuncia." Aprobada, diciembre 16, 1930.

Bajo el Código de Puerto Rico, sección 1173 de los Estatutos Revisados, las cortes municipales de Puerto Rico, a virtud de una ley de la legislatura local, "tendrán jurisdicción para conocer de todas las causas criminales excepto las denominadas *felony*. . ." La Ley de septiembre 21, 1922, que confirió jurisdicción concurrente a las cortes locales, lee como sigue:

"LEY confiriendo a las cortes territoriales de Puerto Rico jurisdicción concurrente con las cortes de los Estados Unidos en aquel distrito en los casos de infracción de la Ley de Prohibición Nacional y de cualquier ley enmendatoria o supletoria de la misma.

"*Decrétase por el Senado y la Cámara de Representantes de los Estados Unidos de América, en Congreso reunidos:* Que se confiera como por la presente se confiere, a los jueces y cortes territoriales de Puerto Rico, jurisdicción concurrente con los comisionados y cortes de los Estados Unidos en aquel territorio, sobre toda infracción de la Ley de octubre 28 de 1919, conocida con el nombre de Ley de Prohibición Nacional, y de cualquier ley enmendatoria y supletoria de la misma, siendo la jurisdicción de los referidos jueces y cortes territoriales en los casos de dichas infracciones la misma que en la actualidad tienen sobre otros delitos de su jurisdicción."

Debe notarse que dicha ley disponía que cualquier ley enmendatoria o supletoria de la Ley de Prohibición Nacional, sería aplicable. Entonces la corte citó la Ley de 1929, así:

"Siempre que se haya prescrito en la Ley de Prohibición Nacional, según fué enmendada y suplementada por este título, una o más penas en una persecución criminal por la fabricación, venta, transportación, importación o exportación ilegales de bebidas embriagantes, según se han definido por la sección 1ª. del título II de la Ley de Prohibición Nacional, la pena a imponerse para cada una de dichas infracciones será: Multa no mayor de $10,000, o prisión que no exceda de cinco años, o ambas penas. . ." 45 Statutes-at-large, 1ª. parte, cap. 473, pág. 1446.

La corte entonces resolvió, con esta clasificación, que el delito era *felony,* que las cortes municipales no podían cono-

cer de él, y que la definición de un *felony* dada por el Congreso de los Estados Unidos privó de jurisdicción a las cortes municipales.

No es posible otra conclusión. El Congreso, mediante legislación directa, ha dicho que ciertos delitos bajo la Ley de Prohibición serán *felonies,* y cualquier definición local de un *felony* en sentido contrario por la Legislatura de Puerto Rico no puede variar el resultado. *In praesentia majoris cessat potentia minoris.*

La Corte de Distrito de San Juan consideró, y estamos conformes, que el Congreso no pudo tener la intención de que el mismo delito fuera castigado como un *felony* en la Corte de Distrito de los Estados Unidos para Puerto Rico, y como un *misdemeanor* en las demás cortes territoriales.

El Gobierno arguye, sin embargo, que hay una ley local que define los *felonies* con arreglo al sitio a que ha de ser enviado un reo para ponérsele preso; en otras palabras, que la prisión en una cárcel es un *misdemeanor* y la prisión en la penitenciaría es un *felony*. El argumento principal es, según entendemos, que las leyes locales de Puerto Rico tienen tanto efecto como una Ley del Congreso hasta tanto sean derogadas o declaradas nulas por el Congreso de los Estados Unidos; en otras palabras, que una ley local es equivalente a una Ley del Congreso hasta que sea así anulada o derogada. La contestación a esa clase de razonamiento es que la ley local ha sido desestimada o derogada por la Ley del Congreso. Al administrar la Ley de Prohibición Nacional, el Congreso ha demostrado que la venta de licores como en el presente caso es un *felony*. El propósito del Congreso fué hacerla así, y no descubrimos propósito alguno de conferir jurisdicción para conocer de delitos graves a las cortes municipales de Puerto Rico. La idea de la Legislatura nacional fué hacer el cumplimiento de la ley más riguroso, y castigar más severamente a los infractores, dejando, sin embargo, una amplia discreción en el juez sentenciador respecto a la pena que

impondría. Creemos que estas consideraciones, y tal vez otras que pueden hallarse en la opinión de la corte inferior y en la de la Corte de Distrito de San Juan, copiadas en el alegato del apelante en el No. 4252, resuelto en el día de hoy, disponen del caso.

El fiscal de distrito señala un gran número de inconvenientes que resultarían de semejante interpretación: La situación de las cortes de distrito sobrecargadas de trabajo, la dificultad de obtener jurados, y otras consideraciones. El sostiene que esta interpretación de la ley conduciría a muchos absurdos. Cuando la intención de la ley es clara, estos posibles absurdos tendrían que ceder ante la voluntad del Congreso, y la situación local no podría retrotraerse para afectar la supuesta intención del Congreso. Es claro que la intención del Congreso fué que este delito en particular fuera un *felony* en todo el dominio a que se extendió la Ley de Prohibición Nacional.

Hasta aquí, ésta es la opinión de la mayoría del tribunal, pero el Juez Asociado Sr. Texidor y el que suscribe desean someter las siguientes consideraciones ulteriores: .

El fiscal de distrito, para sostener la contención de que la legislación local debía prevalecer, citó los casos de *Hawaii* v. *Mankichi,* 47 Law. ed. 1023, 190 U. S. 197; *Clinton* v. *Englebrecht,* 13 Wall. 434; *Summers* v. *United States,* 231 U. S. 92; *Reynolds* v. *United States,* 98 U. S. 145; *Chicago & N. W. R. Co.,* v. *Lindell,* 281 U. S. 14. La cuestión de la constitución de un gran jurado, o de insacular un pequeño jurado, y la forma de las alegaciones, son todas disposiciones adjetivas, y podría ser que la clase de jurado o de procedimiento a seguir en la corte de distrito deba regirse enteramente por los códigos de Puerto Rico.

En el caso de *Summers* v. *United States, supra,* la Corte Suprema de los Estados Unidos dijo: ''El resultado de la conclusión (en aquel caso) será la existencia de un procedimiento dual en la persecución de distintos delitos cometidos

dentro de la misma jurisdicción territorial. El resultado podría tener ejemplos, pero ciertamente es indeseable, y la naturaleza sistemática del código de Alaska indica una intención contraria.'' Sin embargo, en Puerto Rico tendríamos necesariamente un sistema dual de cortes. La Corte de Distrito de los Estados Unidos para Puerto Rico es una que tiene cierto procedimiento definido, y las cortes de distrito locales de Puerto Rico tienen un procedimiento distinto, cada cual conociendo de diferentes delitos. Si bien en Alaska hay un código local, no obstante, fué aprobado directamente para el territorio por el Congreso de los Estados Unidos. A menos que estemos grandemente equivocados, sólo hay una corte de distrito que aplica tanto las leyes locales como las territoriales aprobadas por el Congreso y las leyes de los Estados Unidos. El distrito de Columbia y la provincia de Alaska son territorios incorporados, mas no organizados. Si nuestros informes son correctos, en la Zona del Canal de Panamá prevalece una situación similar a la de Alaska. Por tanto, debe tenerse gran cautela al tratar de aplicar las decisiones de la Corte Suprema de los Estados Unidos sin investigar las condiciones de cada territorio separadamente. Hemos examinado suficientemente la decisión de la Corte de Distrito de la Zona del Canal de Panamá, citada por el fiscal de distrito, y estamos muy convencidos de que las condiciones allí reinantes son distintas y que, aun si no lo fueran, este delito en particular no podría ser considerado como un *misdemeanor.* El caso de Puerto Rico es, en muchos respectos, único.

Dijimos al comenzar que este caso podría regirse por el de *El Pueblo* v. *Zayas, supra.* El estudio que hemos hecho del presente caso ha traído a la luz algunas cosas, lo que ha inducido al que suscribe a entrar en algunas consideraciones adicionales, con las que está conforme el Juez Asociado Sr. Texidor.

Tenemos la idea de que cuando el Congreso, en la Ley de septiembre de 1922, habló de las cortes de Puerto Rico, tuvo

en mente cortes de récord. Por ejemplo, ni en la Ley Foraker, ni en la Ley Jones, se define la jurisdicción de la Corte Suprema de Puerto Rico. El artículo 40 de nuestra Carta Orgánica reza así:

"El poder judicial residirá en las Cortes y Tribunales de Puerto Rico ya establecidos y en ejercicio de acuerdo y por virtud de las leyes vigentes. La jurisdicción de dichos Tribunales y los trámites seguidos en ellos, así como los distintos funcionarios y empleados de los mismos, continuarán como al presente hasta que otra cosa se disponga por ley; *Disponiéndose, sin embargo,* que el Presidente y los Jueces asociados del Tribunal Supremo serán nombrados por el Presidente, con el concurso y consentimiento del Senado de los Estados Unidos, y la Asamblea Legislativa de Puerto Rico tendrá autoridad, que no esté en contradicción con esta Ley, para, de tiempo en tiempo según lo crea conveniente, organizar, modificar o hacer un nuevo arreglo de los Tribunales y su jurisdicción y procedimientos, con excepción de la Corte de Distrito de los Estados Unidos para Puerto Rico."

Creemos que es altamente probable, si no seguro, que en septiembre de 1922 el Congreso sólo tuvo en mente cortes de récord en las cortes territoriales según habían sido previamente reconocidas por él. El Congreso pudo haber tenido en mente la jurisdicción de las cortes locales, bien original o de apelación, tal cual estaba definida por la Legislatura.

La Ley de Prohibición Nacional fué la continuación de una medida prohibicionista de guerra puesta en vigor por los funcionarios de los Estados Unidos. Conforme dijimos en el caso de Zayas, hasta el 1922 la Corte de Distrito de los Estados Unidos era la única que podía conocer de los delitos cometidos bajo la Ley Nacional de Prohibición. La Ley de 1929, *supra,* que convierte en *felonies* delitos que hasta entonces eran *misdemeanors,* siendo enteramente nacional, tiende nuevamente a demostrar que nunca fué la intención del Congreso que ninguna corte que no fuera de récord en la Isla tuviera jurisdicción de los delitos cometidos contra la Ley Nacional de Prohibición; que sólo cortes con jurisdic-

ción similar a la de Distrito de los Estados Unidos pudiéran conocer de las infracciones cometidas bajo dicha ley.

*Debe confirmarse la sentencia apelada.*

OPINIÓN CONCURRENTE DEL JUEZ PRESIDENTE SEÑOR DEL TORO, CON LA CUAL ESTÁ CONFORME EL JUEZ ASOCIADO SR. ALDREY

La denuncia origen de esta causa se presentó en la Corte Municipal de Fajardo, imputando al acusado Luciano Fuertes una infracción a la sección 3, título 2, de la Ley Nacional de Prohibición, consistente en haber vendido a Carlos García por la suma de diez dólares y cincuenta centavos, tres botellas de *whiskey*, bebida embriagante con más de medio del uno por ciento de alcohol absoluto por volumen y propia para ser usada como tal.

Juzgado el caso, la corte municipal declaró culpable al acusado. No conforme éste, apeló para ante la corte de distrito y formuló en ella la siguiente excepción:

"Que esta corte de distrito no tiene jurisdicción para conocer de los hechos denunciados, careciendo también de jurisdicción por razón de la materia envuelta en la acusación, toda vez que se trata de la violación de un Estatuto del Congreso de los Estados Unidos, de fecha 28 de octubre de 1919, violación que fué declarada delito grave (*felony*) por otra ley del Congreso de los Estados Unidos de fecha posterior, y la presente causa se halla ahora ante esta Hon. Corte en grado de apelación de la Corte Municipal de Fajardo, la cual nunca tuvo jurisdicción en el asunto por las razones antes apuntadas, no teniéndola tampoco ahora esta corte de distrito.

"Además, tratándose de un estatuto federal, la acusación debe ser interpuesta a nombre de los Estados Unidos y no a nombre de El Pueblo de Puerto Rico, y originalmente tendría que ser presentada ante una corte de distrito cuya jurisdicción se equipare a la de las cortes de los Estados Unidos."

Discutidas ampliamente las cuestiones planteadas, la corte de distrito resolvió que a virtud de la Ley del Congreso de 21 de septiembre de 1921, dando jurisdicción concurrente a las cortes insulares para conocer de las violaciones a la Ley Nacional de Prohibición, la corte tenía jurisdicción sobre la ma-

teria, pero que constituyendo la violación imputada un *felony,* de conformidad con la Ley del Congreso de 2 de marzo de 1929, enmendando la Ley Nacional de Prohibición, carecía de jurisdicción original la corte municipal de Fajardo para juzgar la causa, y, por tanto, ella de jurisdicción apelativa. En tal virtud, tras una larga y cuidadosa opinión, decretó el archivo del caso y absolvió al acusado.

No conforme el fiscal, apeló para ante esta Corte Suprema y otra vez la cuestión fué debatida ampliamente.

El Juez Asociado Sr. Aldrey y el que suscribe estamos conformes en que debe confirmarse la sentencia apelada por sus propios fundamentos, esto es, porque tratándose de un *felony* no tuvo jurisdicción la Corte Municipal de Fajardo para conocer originalmente del proceso, pero no porque las cortes insulares dejaran de tener jurisdicción dada la forma en que el proceso se iniciara, que fué así:

"Corte Municipal de Fajardo, P. R.—Estados Unidos de América, El Presidente de los Estados Unidos, SS.—El Pueblo de Puerto Rico *v.* Luciano Fuertes."

Nuestro criterio sobre el último extremo fué y sigue siendo el del caso de *El Pueblo v. Rodríguez,* 33 D.P.R. 393, a saber, copiando del resumen:

"LEY NACIONAL DE PROHIBICIÓN—JURISDICCIÓN.—Al conceder el Congreso jurisdicción concurrente a las cortes insulares para conocer de las violaciones a la Ley Federal sobre prohibición, actuó con carácter de legislatura local a la que ciertas limitaciones constitucionales no son aplicables; por lo que tal jurisdicción debe ejercitarse con arreglo al procedimiento insular de enjuiciar.

"ID.—ID.—DENUNCIA SUFICIENTE.—Una denuncia por infracción a la Ley Federal de Prohibición presentada ante la corte municipal, en la cual se establece la acción a nombre de los Estados Unidos incluyendo además El Pueblo de Puerto Rico, cumple con los requisitos exigidos por la sección 10 del Acta Jones."

De ahí que disintiéramos en el caso de *El Pueblo v. Zayas,* decidido el 19 de diciembre de 1930 por virtud del cual quedó revocada la jurisprudencia establecida en el de Rodríguez,

*supra.* En ambos casos, en el de Rodríguez y en el de Zayas, la decisión de la Corte fué por mayoría, tres contra dos.

En cuanto al primer extremo parece tan clara la cuestión que no necesita de largos argumentos. Nadie duda que el hecho imputado a Fuertes de acuerdo con la Ley Nacional de Prohibición enmendada, y con las leyes federales en materia penal, es un *felony.* Nadie ha expresado tampoco la más leve duda sobre el hecho de que las cortes municipales no tienen jurisdicción original en casos de *felony.* Siendo ello así, cualquier ley del territorio que pudiera invocarse para sostener que interpretados a la luz de sus preceptos los términos de la Ley del Congreso, el delito podría calificarse de *misdemeanor,* y no de *felony,* es manifiestamente inaplicable. La Ley del Congreso debe interpretarse a la luz de sus propias leyes que en este caso concreto son claras y terminantes. El Congreso declaró la infracción constitutiva de *felony* y como *felony* tiene que ser considerada por las cortes del territorio al conocer de ella en el ejercicio de la jurisdicción concurrente que el propio Congreso les confiriera. Argumentos de la mayor o menor conveniencia para la administración de la justicia en las cortes insulares, no tienen peso alguno ante la clara determinación de la ley.

*Debe confirmarse la sentencia recurrida.*

Estoy autorizado para decir que el Juez Asociado Sr. Aldrey está conforme con esta opinión.