EL PUEBLO DE PUERTO RICO, demadante y apelado, *v.* RAMÓN VARGAS NIVAS, acusado y apelante.

No. 4582.—*Sometido:* Diciembre 1, 1931. *Resuelto:* Julio 22, 1932.

*Angel A. Vázquez,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La denuncia jurada, origen de este proceso se formuló en la Corte Municipal de San Juan por un policía insular. Alega que el acusado "ilegal, voluntaria y maliciosamente, violó lo dispuesto en la Ley Nacional de Prohibición No. 66 aprobada por el Congreso de los Estados Unidos de América, en octubre 28 de 1919, y aplicable a Puerto Rico por una ley del mismo Congreso aprobada en 21 de septiembre de 1922, y enmendada en marzo 2 de 1929 y últimamente enmendada en enero 15 de 1931, porque en la fecha, hora y sitio indicado transportaba personalmente sobre su persona dos botellas de cristal conteniendo aproximadamente como dos litros de ron caña, que es una bebida embriagante, propia para el consumo humano, que contiene más del medio del uno por ciento de alcohol absoluto por volumen y que sirve para beber, cuya bebida le fué ocupada y se pone a la disposición de la Hon. Corte como materia de prueba."

Condenado el acusado en la corte municipal, apeló para ante la de distrito, y vuelto a ser condenado, apeló para ante esta Corte Suprema. De la exposición del caso que forma parte de los autos copiamos lo que sigue:

"Se procedió a discutir las excepciones perentorias, radicadas contra la denuncia por el acusado, de falta de jurisdicción y de insuficiencia de hechos, así como la de que la denuncia no estaba jurada por funcionario competente o que tuviera capacidad o facultad para ello, y esas excepciones fueron desestimadas por la Corte, después de lo cual el acusado se declaró no culpable y El Pueblo de Puerto Rico practicó la siguiente evidencia:

"Declaración del Policía Insular Juan Alvarez, Placa No. 582.

"A preguntas del Hon. Fiscal, dijo:

"Que se llama como queda dicho, y estaba con el Policía denun-

ciante el día que ocurrieron los hechos a que se refiere la denuncia, hace como dos meses. Que ese día, por la calle de Loíza, de San Juan, P. R., el acusado llevaba dos botellas de cristal, conteniendo ron caña y al ver a los Policías las tiró en una maya. Que las dos botellas ocupadas contenían ron y el declarante probó el contenido y sabía a ron caña, lo cual él conoce porque otras veces ha probado ron y el ocupado al acusado sabía a eso mismo. El ron que llevaba el acusado era propio para beber.

"El Fiscal presentó en evidencia las dos botellas de cristal a que se refirió el declarante, conteniendo un líquido cristalino y el acusado se opuso a la admisión porque no había prueba de que ése fuera el líquido que contuvieran las botellas el día de la ocupación y de que eso fuera alcohol con más del medio del uno por ciento por volumen, ni que fuera bebida embriagante o fuera transportada para fines de bebida, no obstante lo cual la evidencia fué admitida, tomando excepción el acusado.

"Terminada la prueba del Pueblo el acusado no presentó prueba y solicitó su absolución por insuficiencia de aquélla después de lo cual la Corte lo declaró culpable y le impuso una multa de $100.00 o cárcel en su defecto."

■ Seis son los errores que señala el apelante. Por el primero alega que erró la corte de distrito al desestimar su excepción perentoria de falta de jurisdicción por dos motivos. El primero lo argumenta así:

"De acuerdo con la denuncia presentada y que aparece en la página 1 del 'transcript, la acción está instituída a nombre del Presidente de los Estados Unidos en la siguiente forma:

" 'Corte Municipal de San Juan, P. R., Sec. 1ra. P. R.

" 'Estados Unidos de América, El Presidente de los Estados Unidos, ss. vs. Ramón Vargas Nivas.'

"Pero del texto de la denuncia resulta que nos encontramos frente a una acusación por supuesta infracción a una Ley Federal, como es la Ley Nacional de Prohibición, y, sin embargo, la acción no ha sido presentada directamente a nombre de El Pueblo de los Estados Unidos de América vs. Ramón Vargas Nivas, sino a nombre de 'El Presidente de los Estados Unidos vs. Ramón Vargas Nivas.' Esto significa que El Presidente de la Nación ha instituído en Puerto Rico, por medio de un policía insular, una acción personal-criminal contra Ramón Vargas Nivas por infracción a la Ley Nacional de Prohibición. Para el conocimiento de tal asunto, la denuncia es insuficiente para

darle jurisdicción a la Corte Municipal de San Juan, ni, como, consecuencia, a la Hon. Corte de Distrito en grado de apelación, pues no existe estatuto alguno autorizando que las acusaciones por infracción a la Ley Nacional de Prohibición sean instituídas a nombre de El Presidente de los Estados Unidos, sino a nombre de El Pueblo de los Estados Unidos de América única y exclusivamente.

"El Pueblo vs. Zayas, 41 D.P.R. pág. 646."

Basta transcribir la propia argumentación del apelante para concluir que el error que señala no existe.

Como segundo fundamento de la excepción sostuvo que la corte municipal carecía de jurisdicción porque la intención del Congreso al conferirla a las cortes insulares se limitó a las de récord. Se basa en el caso de *El Pueblo* v. *Fuertes*, 41 D.P.R. 896, 897. La opinión en dicho caso comienza en la página 891. Lo que aparece en las páginas que expresamente invoca el apelante es lo que sigue:

"Tenemos la idea de que cuando el Congreso, en la Ley de septiembre de 1922, habló de las cortes de Puerto Rico, tuvo en mente cortes de récord. Por ejemplo, ni en la Ley Foraker, ni en la Ley Jones, se define la jurisdicción de la Corte Suprema de Puerto Rico. El artículo 40 de nuestra Carta Orgánica reza así:

" 'El poder judicial residirá en las Cortes y Tribunales de Puerto Rico ya establecidos y en ejercicio de acuerdo y por virtud de las leyes vigentes. La jurisdicción de dichos Tribunales y los trámites seguidos en ellos, así como los distintos funcionarios y empleados de los mismos, continuarán como al presente hasta que otra cosa se disponga por ley; *Disponiéndose, sin embargo,* que el Presidente y los Jueces Asociados del Tribunal Supremo serán nombrados por el Presidente, con el concurso y consentimiento del Senado de los Estados Unidos, y la Asamblea Legislativa de Puerto Rico tendrá autoridad, que no esté en contradicción con esta Ley, para, de tiempo en tiempo según lo crea conveniente, organizar, modificar o hacer un nuevo arreglo de los Tribunales y su jurisdicción y procedimientos, con excepción de la Corte de Distrito de los Estados Unidos para Puerto Rico.'

"Creemos que es altamente probable, si no seguro, que en septiembre de 1922 el Congreso sólo tuvo en mente cortes de récord en las cortes territoriales según habían sido previamente reconocidas por él. El Congreso pudo haber tenido en mente la jurisdicción de las

cortes locales, bien original o de apelación, tal cual estaba definida por la Legislatura.''

Pero ello no forma parte de la opinión de la corte. Son consideraciones adicionales del juez que la emitió, con las cuales estuvo conforme otro de los jueces.

Que las cortes municipales tienen jurisdicción a virtud de la ley del Congreso, se resolvió en el caso de *El Pueblo* v. *Rodríguez,* 33 D.P.R. 393, y en el de *El Pueblo* v. *Baragaño,* 33 D.P.R. 989, que han quedado de nuevo en vigor a virtud de la decisión de la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito de febrero 25, 1932, en el caso de *El Pueblo* v. *Zayas.* También implícitamente por la Corte de Circuito en el dicho caso de Zayas.

■ No existe, pues, el primer error. Por el segundo se sostiene que la corte erró al decidir que la denuncia aducía hechos suficientes. Tampoco existe, a nuestro juicio. Basta alegar la transportación de la bebida embriagante, propia para el consumo humano. Si el acusado la transportaba en verdad para fines medicinales, puede alegarlo como defensa.

Por el tercer señalamiento se levanta la misma cuestión que se resuelve en contra de la existencia del error en el caso de *El Pueblo* v. *Chaparro,* 43 D.P.R. 852.

■ El cuarto error se refiere a la insuficiencia de la prueba. Creemos que basta leer la exposición del caso que dejamos transcrita para decidir que la prueba es suficiente. Habiéndose alegado y probado que era ron lo que transportaba el acusado, es suficiente, ''y como lo que en la denuncia se alega'' dijo esta corte en el caso de *El Pueblo* v. *Rivera,* 37 D.P.R. 459, 462, ''que el acusado fabricaba y poseía era ron y se ha resuelto que las cortes tomarán conocimiento judicial de que el ron es un licor intoxicante (35 C. J. 497 y casos citados en la nota 81), no era necesario alegar la condición intoxicante del licor fabricado y poseído por el acusado.''

■ Por el quinto error se sostiene que la sentencia es nula, porque en ella se hace sólo referencia a la Ley Nacio-

nal de Prohibición y "no menciona los hechos que constituyen la infracción de ninguna ley."

Conocemos la denuncia. Es en ella que deben consignarse los hechos delictivos y no necesariamente en la sentencia. Lo único que se advierte en la sentencia es que pudo ser más específica, y esto no la convierte en nula. Puede corregirse como así será corregida para que en vez de decir como dice: "La corte declara a Ramón Vargas Nivas culpable de una infracción a la Ley Nacional de Prohibición," diga: "la corte declara a Ramón Vargas Nivas culpable de la infracción a la Ley Nacional de Prohibición que se le imputa, prevista y castigada en el título II, Sección 3 de la Ley Nacional de Prohibición de 28 de octubre de 1919, aplicable a Puerto Rico por Ley del Congreso de 21 de septiembre de 1922, enmendada en marzo 2 de 1929 y enero 15, 1931."

█ Por el sexto y último error se sostiene que la pena es excesiva. Quizá tenga razón el acusado, pero no se ha demostrado abuso de discreción. Si en vez de imponer cien dólares de multa con prisión subsidiaria, la corte hubiera impuesto veinticinco o cincuenta, tampoco hubiéramos intervenido. Debe dejarse en libertad a la corte de jurisdicción original que está en mejores condiciones que la de apelación para apreciar las circunstancias concurrentes en cada caso. Sólo puede intervenir la corte de apelación cuando se demuestra un abuso del poder discrecional de la de distrito. Y ya hemos dicho que aquí no se ha demostrado.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.