EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NICOLÁS ACEVEDO VIERA, acusado y apelante.

No. 5127.—*Sometido:* Junio 20, 1933. *Resuelto:* Junio 24, 1933.

*García Méndez & García Méndez,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La acusación, base de esta causa, en lo pertinente, dice:

"El Fiscal formula acusación contra Nicolás Acevedo y Juan Cruz por un delito de Infracción a la Sección Tercera del Título Segundo de la Ley Nacional de Prohibición, tal como quedó enmendada por la ley del 2 de marzo de 1929 (*felony*) cometido de la manera siguiente:

"Los referidos acusados, Nicolás Acevedo y Juan Cruz, con anterioridad a la presentación de esta acusación, o sea, allá por el día 3 de agosto de 1931, y en el barrio 'Maleza Baja' del término municipal de Aguadilla, que forma parte del Distrito Judicial de Aguadilla, Puerto Rico, allí y entonces dichos acusados, Nicolás Acevedo y Juan Cruz, maliciosa, voluntaria y criminalmente transportaban y conducían en una yegua alazana amarilla, cincuenta cuartillos de ron, que es una bebida embriagante, propia para beber y que contiene más del medio del uno por ciento de alcohol por volumen, siendo dichos cincuenta cuartillos de ron más de un galón de dicho líquido."

Leída al acusado Nicolás Acevedo Viera, hizo la alega-

ción de no culpable y solicitó juicio por jurado. Celebrado el juicio, el jurado rindió un veredicto de culpabilidad y la corte dictó sentencia condenando a Acevedo a tres meses de cárcel.

Acevedo apeló para ante este tribunal, señalando en su alegato dos errores. Por el primero sostiene que la acusación no es suficiente; por el segundo que la prueba fué erró neamente apreciada.

■ Refiriéndose al primero dice en su alegato:

"Como previa deseamos plantear la cuestión de que habiéndose aprobado por el Congreso de los Estados Unidos una ley autorizando el uso de cervezas y vinos que tengan hasta el 3.2% de alcohol, la acusación de epígrafe que sólo imputa el que el apelante transportaba bebidas que tenían más del medio del uno por ciento de alcohol, no constituye delito puesto que es necesario que para que sea delito tenga más del 3.2% de alcohol."

Si la acusación sólo expresara lo que dice el apelante, quizá tendría razón, pero como expresa que lo que transportaba el acusado era ron, que no es vino ni cerveza y que esta corte ha resuelto que es una bebida embriagante (*El Pueblo* v. *Vargas*, 43 D.P.R. 860, *El Pueblo* v. *Rivera*, 37 D.P.R. 459), carece de mérito la contención del apelante.

■ Tampoco se ha demostrado que exista el segundo de los errores señalados. El ron fué ocupado por dos policías cuando lo transportaba el acusado. Pueden advertirse contradicciones en detalles en las declaraciones de los policías, pero coinciden en lo fundamental. El acusado presentó evidencia tendente a demostrar que en el momento en que se le imputa el transporte se encontraba en sitio distinto. El jurado creyó la prueba de cargo y no dió crédito a la de descargo. Nada existe en los autos que demuestre que debió haber actuado de otro modo.

*Debe confirmarse la sentencia recurrida.*